FILED
United States Court of Appeals
Tenth Circuit

January 29, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JONATHAN BRUMBACK,

        Defendant - Appellant.

No. 13-3269
(D.C. No. 2:12-CR-20119-CM-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.

After entering into a plea agreement that included a waiver of his right to

appeal, Jonathan Brumback pleaded guilty to one count of conspiracy to distribute

and possess with intent to distribute more than 50 grams of methamphetamine, in

violation of 21 U.S.C. § 846. The district court sentenced him to 250 months of

imprisonment, which was below the advisory Guidelines range. Mr. Brumback

---

[*]     This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appealed. The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1325, 1328 (10th Cir. 2004) (en banc) (per curiam). In response, through his counsel, Mr. Brumback asserts that the waiver should not be enforced because the government breached its obligation under the plea agreement to move for a three-level reduction of his offense level for acceptance of responsibility.

"Because an appellate waiver is not enforceable if the Government breaches its obligations under the plea agreement, we must first address whether the Government's conduct during sentencing constituted a breach." *United States v. Trujillo*, 537 F.3d 1195, 1200 (10th Cir. 2008) (internal quotation marks omitted). Generally our review is de novo. *See id.* But Mr. Brumback did not argue before the district court that the government breached the plea agreement. Therefore, our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 136 (2009). Plain-error reviews involves "four steps, or prongs": "an error or defect" that is "clear or obvious, rather than subject to reasonable dispute," that has "affected the appellant's substantial rights," and that the court determines, in its discretion, requires correction because it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 135 (brackets omitted).

"To determine whether a breach has occurred, we 1) examine the nature of the promise; and 2) evaluate the promise in light of the defendant's reasonable understanding of the promise at the time of the guilty plea." *United States v. Burke*, 633 F.3d 984, 994 (10th Cir. 2011) (internal quotation marks omitted). "In

interpreting a plea agreement, we rely on general principles of contract law." *United States v. Rodriguez-Rivera*, 518 F.3d 1208, 1212 (10th Cir. 2008). "We construe any ambiguities against the government as the drafter of the agreement." *Id.* at 1213.

The plea agreement states:

> **5.** **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees to the following:
>
> . . .
>
> > c. Recommend the defendant receive a two level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. If the Court finds the defendant is eligible for that reduction and the defendant's offense level is 16 or greater, then the United States will move at the time of sentencing for the defendant to receive an additional one level reduction for acceptance of responsibility because he timely notified the government of his intention to enter a plea of guilty, provided he enters his guilty plea by December 17, 2012 . . . .
>
> The government's obligation concerning its agreements listed in this paragraph are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, . . . or engages in additional criminal conduct, the United States reserves the right to request a hearing to determine if the defendant has breached this agreement.
>
> If the Court finds the defendant has breached this plea agreement or has otherwise failed to adhere to its terms, the United States shall not be bound by this paragraph . . . .

Mot. to Enforce, Attach. C at 4-5. Mr. Brumback argues that the government's obligation to recommend the reduction for acceptance was free-standing and not contingent. He asserts that the contingency allowing the government to seek a declaration of breach was limited to the government's "agreements listed in *this paragraph*," i.e., the actual paragraph containing the contingency, and did not apply to the promise to recommend the reduction, which is in the preceding paragraph.

Even if there were error, it would not be a plain error. Although ambiguities must be construed against the government, Mr. Brumback's interpretation is not a reasonable understanding of the plea agreement. The only reasonable understanding of "this paragraph," as used in the phrase "[t]he government's obligation concerning its agreements listed in this paragraph," is that "this paragraph" refers to all of the text in the section (or "paragraph") identified with the number 5 and the title "Government's Agreements." *Id.* at 4. Otherwise the contingency would be of no effect, because as Mr. Brumback points out, the government's obligations and agreements are listed in the text above the contingency language. Contracts should not be construed in such a way as to make provisions meaningless. *See Restatement (2d) of Contracts* § 203(a) (1981) ("[A]n interpretation which gives a reasonable, lawful, and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect.").

Because Mr. Brumback's sole argument regarding the government's alleged breach fails, the next issue is the enforceability of the appeal waiver under *Hahn*'s

three factors:  "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."  359 F.3d at 1325.  Mr. Brumback, however, makes no argument regarding these factors, and we need not consider *Hahn* factors that a defendant does not challenge.  *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

The motion to enforce is granted and the appeal is dismissed.

Entered for the Court
Per Curiam